UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RYAN SIMMONS,** *IS A SUI JURIS LITIGANT*;

   *Plaintiff*,

v.                                                                                    Case No.  SA-22-CV-01293-JKP

**UNITED STATES DEPARTMENT OF STATE,**

   *Defendant*.

**ORDER ACCEPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

     Before the Court is Magistrate Judge Richard B. Farrer's Report and Recommendation. *ECF No. 10*. The Magistrate Judge recommends this Court dismiss this action based upon Plaintiff Ryan Simmons's failure to state a non-frivolous claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id*. Upon consideration, the Court **ACCEPTS and ADOPTS** the Report and Recommendation. As recommended, the Court **DISMISSES** this action.

**Factual Background**

     In his Complaint, Simmons explains he applied for a new passport on July 26, 2022, seeking to amend the citizenship status as it appeared on his original passport. *ECF No. 1, p. 1*. On September 6, 2022, the Agency informed Simmons the non-government-issued identification he provided was insufficient, and it provided a list of suitable substitutes. *Id.* Simmons declined to supply a substitute, and on November 4, 2022, the agency rejected his passport application and

returned his birth certificate. *ECF No. 1, p. 1-2*. On November 29, 2022, Simmons filed this IFP Application and proposed Complaint. *ECF No. 1, p. 1*.

Magistrate Judge Farrer issued a Show Cause Order requiring Simmons to amend or clarify his Complaint by identifying a waiver of federal immunity applicable to his causes of action asserted against the State Department. *ECF No. 3, pp. 3-4*. Simmons timely filed a response on February 17, 2023. *ECF No. 7*. Therein, Simmons raises a cause of action under 42 U.S.C. § 1983 for alleged theft of his passport application fee and attached documents. *Id*.

Magistrate Judge Farrer issued a Report and Recommendation on March 8, 2023, recommending Simmons's proposed Complaint be dismissed as frivolous because "[f]ederal sovereign immunity is fatal" to the cause of action asserted. *ECF No. 10, p. 3*. Simmons did not file an objection to Magistrate Judge Farrer's Report and Recommendation, although given instruction and ample time to do so.

**Standard of Review**

Any party who seeks review of all or a portion of a Magistrate Judge's Report and Recommendation must serve and file specific written objections within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). If a party does not timely object to all or a portion of a Magistrate Judge's Report and Recommendation, the District Court will review the unobjected-to proposed findings and recommendations to determine whether they are clearly erroneous or contrary to law. *Johnson v. Sw. Research Inst.*, 210 F. Supp.3d 863, 864 (W.D. Tex. 2016) (citing *U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.)(per curiam), *cert. denied*, 492 U.S. 918 (1989).[1]

---

[1] While Federal Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Further, failure to object shall also bar appellate review of those portions of the Magistrate Judge's Report and Recommendation that

## Discussion

Consistent with § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the Court reviewed the subject Report and Recommendation for clear error on the face of the record. This Court finds no such error. Accordingly, the Court **ACCEPTS** Magistrate Judge Richard B. Farrer's findings and recommendation and **ADOPTS** the Report and Recommendation. As recommended, the Court **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e)(2)(B) for Simmons's failure to state a non-frivolous claim or any claim on which relief may be granted. This Court will issue an appropriate Final Judgment by separate filing.

Moreover, the Court notes Simmons previously filed in this Division two habeas petitions and three IFP civil complaints, all of which were ultimately dismissed for various legal and factual deficiencies.[2] Thus, this is at least the sixth time Simmons attempted to assert frivolous causes of action against government defendants. Consequently, Simmons is hereby warned that the next filing of a frivolous IFP application or filing of a frivolous cause of action against any defendant will result in future sanctions, including assessment of monetary fines and designation as a "vexatious litigant" which will enjoin him from filing any civil lawsuit in this District without first obtaining permission. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008).

**The Clerk of Court is DIRECTED to place Ryan Simmons on a watch list for review of future actions filed in this Court**.

---

were ultimately accepted by the district court, unless the party demonstrates plain error. *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d at 1221.

[2] *See Simmons v. The State of Texas et al.*, 5:20-cv-01006-JKP (filed Aug. 26, 2020, closed Feb. 7, 2022); *Simmons v. Salazar*, 5:21-cv-01107-XR (filed Nov. 8, 2021, closed Dec. 16, 2021); *Simmons v. Salazar*, 5:21-cv-01148-FB (filed Nov. 18, 2021, closed Mar. 16, 2022); *Simmons v. Salazar et al.*, 5:22-cv-00246-XR (filed Mar. 9, 2022, closed Nov. 28, 2022); *Simmons v. Salazar et al.*, 5:22-cv-00579-XR (filed June 2, 2022, closed Nov. 21, 2022).

It is so ORDERED.
SIGNED this 14th day of April, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE